OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Ryan Craig appeals the judgment of the United States District Court for the Middle District of Pennsylvania (District Court) granting the Government’s request to divert a portion of his seized property to victims in an unrelated federal criminal judgment entered by the United States District Court for the District of Rhode Island in 2003 (Rhode Island Court). For the reasons that follow, we will vacate and remand.
*291 I.
Because we write for the parties, we recount only those facts necessary to our decision.
In 2007, a jury convicted Craig of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced Craig to 71 months imprisonment and ordered him to pay restitution to his victims in the amount of $12,411.00, as well as a special assessment of $300.00. Because the United States Attorney for the Middle District of Pennsylvania had previously seized $16,432.00 from Craig, it sought to satisfy the restitution order from those funds. Craig conceded that the District Court could apply $12,711.00 of the seized funds to satisfy the restitution order and special assessment, but requested the return of the remaining $3,631.00 pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The Government opposed Craig’s motion, arguing that the balance of the seized funds should be used to pay the unsatisfied restitution order entered by the Rhode Island Court.
On July 28, 2008, the District Court granted the Government’s request regarding the $12,711.00, but addressed neither Craig’s motion for return of property nor the Government’s request regarding restitution for the Rhode Island victims.[1] On December 30, 2008, 2008 WL 5412828, the District Court denied Craig’s motion for return of property and ordered the Government to remit the balance of $3,631.00 to the Clerk of the Rhode Island Court. Craig appeals the December 30 order and we have jurisdiction to consider his appeal pursuant to 28 U.S.C. § 1291.
II.
Title 18, Section 3556 authorizes district courts to order restitution in criminal cases: “[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense ... may order restitution in accordance with section 3663.” Section 3663 further provides: “[t]he court, when sentencing a defendant convicted of an offense under this title [of which wire fraud is included] ... may order ... that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim’s estate. The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.” 18 U.S.C. § 3663(a)(1)(A) (emphasis added). Accordingly, restitution may only be paid to an individual if one of two conditions is met: (1) the individual is a “victim” in the present case; or (2) the restitution payment was agreed to in a plea agreement. Because Craig did not enter into a plea agreement in this case, we need consider only the first condition in assessing whether the District Court’s order directing payment to the Rhode Island victims was proper.
Section 3663 defines “victim” as “a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant’s criminal conduct in the course of the scheme, conspiracy, or pattern.” 18 U.S.C. § 3663(a)(2). Under this definition, the individuals injured as a result of Craig’s 2003 conviction for wire fraud in the District of Rhode Island do not qualify as *292 “victims” because they were not “directly and proximately harmed” as a result of Craig’s present offense. Their injuries were confined to the 2003 crime for which Craig was sentenced to 27 months imprisonment and ordered to pay restitution in the amount of $58,000.00. The fact that Craig has not yet fulfilled that restitution-ary obligation does not grant the District Court authority to offer restitution to those individuals in this case.
Furthermore, the Government itself cannot claim to be a victim in either the present case or the Rhode Island case. The Government argues that the District Court was authorized to apply the seized funds because, as the District Court duly noted, an order of restitution made pursuant to § 3663 — as was made in Rhode Island — is “a lien in favor of the United States on all property and rights to property of the person fined.” 18 U.S.C. § 3613(c). However, that argument improperly conflates the Government’s entitlement to the funds with the District Court’s authority to divert those funds in this case. Though we have previously held that a governmental body may be considered a “victim” under § 3663, see United States v. Hand, 863 F.2d 1100, 1103 (3d Cir.1988) (holding that the United States Attorney’s office was entitled to restitution for time and resources wasted in light of the defendant’s impermissible conduct as a juror at trial), the Government does not assert that any governmental body was harmed by Craig’s actions. Rather, the Government is attempting to use its position as a common party — the prosecution — in both the Rhode Island and Pennsylvania cases as a means to compensate a private third party. This is not what § 3663 contemplates.
The Government also argues that the District Court was authorized to transfer the seized funds to the Rhode Island victims because it assumed jurisdiction over Craig’s supervised release for his sentence on the 2003 crime. The Government argues that “[b]y accepting transfer of jurisdiction over Craig’s supervised release, the district court had the authority to enforce the provision pertaining to payment of restitution.” We disagree because the duty to oversee Craig’s supervised release does not confer upon the District Court any authority to direct restitution in the Rhode Island case. Section 3663 authorizes a judgment of restitution at the time of sentencing, but not thereafter. See United States v. Sasnett, 925 F.2d 392, 399 (11th Cir.1991) (quoting 18 U.S.C. § 3663(a)(1)(A) (“[t]he court, when sentencing a defendant ... ”)). The fact that the District Court is empowered to conduct a supervised release revocation hearing does not change our analysis. Accordingly, the Rhode Island victims could only receive an order of restitution when Craig was sentenced in 2003.
In sum, we hold that the District Court lacked the statutory authority to order the transfer of seized funds to the Rhode Island Court for the purpose of facilitating the payment of restitution in an unrelated case. This does not mean, however, that the victims in the Rhode Island case are precluded from seeking to garnish or attach the seized funds or otherwise pursue collection of what is owed to them through any lawful means that may be available to them.
For the foregoing reasons, we will vacate the judgment of the District Court and remand the case for proceedings consistent with this opinion.

. Craig concedes that he cannot challenge the District Court’s order granting the Government’s request regarding the $12,711.00 on appeal because he waived that argument in the District Court.